DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tera D. Gibson, appeals from the judgment of the Summit County Court of Common Pleas that granted specific performance of a sales agreement to Appellee, Renee Steps. The judge found that Appellant failed to prove her affirmative defense of rescission in this matter. We affirm.
 {¶ 2} On March 30, 1992, Appellant and Appellee entered into a "Real Estate Sales Contract" where Appellant would convey a one-half interest in her property on Hartford Avenue in Akron, Ohio to Appellee for the sum of $3,600.00. The agreement was made specifically contingent upon Appellee's access to her employee savings account to supply the purchase funds. Appellee paid Appellant the entire agreed upon amount, including $100.00 earnest money and $3,500.00 withdrawn from her employee savings account.
 {¶ 3} Appellant alleged that Appellee signed a rescission letter regarding the sales contract on April 10, 1992. Appellant introduced testimony from two witnesses, beside herself, that Appellee had signed the rescission letter. Appellee vehemently denied the authenticity of her signature on the letter. She produced an expert who concluded that there were enough inconsistencies in the signature on the rescission letter to make him believe that Appellee had not signed the letter.
 {¶ 4} The case was heard by the court on November 14, 2002, and judgment was issued in favor of Appellee on November 20, 2002, granting her specific performance of the sales agreement. Appellant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court's judgment is against the manifest weight of the evidence."
 {¶ 5} In her only assignment of error, Appellant argues that the trial court's judgment regarding the authenticity of the rescission letter was against the weight of the evidence. She states that the sole issue for review is "whether or not Appellee signed the rescission document." Appellant and two witnesses testified that they saw Appellee sign the document. Appellee denied this and produced a handwriting and forgery expert who found inconsistencies in the signature that made him question its authenticity. Appellant has failed to cite any legal authority in her brief to support her proposition.
 {¶ 6} Both the Ohio and Local Appellate Rules require an appellant to "include in its brief * * * the reasons in support of the contentions [of appellant], with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7); Loc.R. 7(A)(7) ("The argument shall contain * * * the supporting reasons with citation to the authorities and statutes on which the appellant relies.") Appellant has the burden of affirmatively demonstrating error on appeal. See Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Fecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 3-4; Tallmadge v. Cover, 9th Dist. No. 21492, 2003-Ohio-3786, at ¶ 4. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardonev. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. As Appellant's brief fails to cite any supporting authority, we affirm the judgment of the trial court.
 {¶ 7} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
LYNN C. SLABY, WHITMORE, J., BATCHELDER, J. CONCUR